UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALAN MANN, II, | ) Case No. 1:15-cv-01313-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| R.N. P. NIXON, | ) [ECF No. 1] |
| Defendant. | ) |

Plaintiff Robert Alan Mann, II is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on August 27, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi. Plaintiff names Registered Nurse ("RN") P. Nixon as the sole Defendant in this action.

Plaintiff contends that on January 30, 2015, Defendant Nixon breached his duty in the Facility D medical clinic, at approximately 11:45 a.m., when he intentionally, knowingly, willfully, maliciously and callously subjected Plaintiff to extreme pain, suffering and mental anguish by failing to take basic vitals, ignoring Plaintiff's symptoms of nausea, dizziness, shortness of breath, extreme pain in abdomen and dismissed Plaintiff back to the dorm with a lay-in without providing any medical care.

On January 31, 2015, at approximately 7:45 a.m., Plaintiff returned to Facility D medical clinic seeking immediate medical attention for extreme pain in his abdomen, nausea, projectile vomiting, dizziness, shortness of breath, and black tarry stool sample from last bowel movement. Defendant Nixon minimized Plaintiff's condition stating: "It's probably hemorrhoids," without any examination,

1  vitals, or testing of black tarry stool sample for blood.  Defendant Nixon asked Plaintiff one question:
2  "Have you ever had a history of ulcers?" and Plaintiff responded no.
3        On January 31, 2015, Plaintiff returned to the medical clinic at approximately 6:15 p.m. and
4  told correctional officer Rodriguez, "I'm not gonna make it," and almost passed out.
5        RN E. Bwayiga immediately rendered aid by taking Plaintiff's vitals and then called the duty
6  doctor and admitted Plaintiff by ambulance to Mercy Hospital for emergency endoscopy from major
7  upper G.I. bleeding.

### III.

### DISCUSSION

**A.   Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v.

1  McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment
2  the doctors chose was medically unacceptable under the circumstances and that the defendants chose
3  this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing
4  Jackson, 90 F.3d at 332) (internal quotation marks omitted).

5        Delays in providing medical care may manifest deliberate indifference.  Estelle v. Gamble, 429
6  U.S. 97, 104-105 (1976).  To establish a claim of deliberate indifference arising from delay in
7  providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d
8  732, 745-746 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994).  In this regard,
9  "[a] prisoner need not show his harm was substantial; however, such would provide additional support
10 for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439
11 F.3d at 1096.

12       The fact that RN Nixon may have misdiagnosed Plaintiff's pain and symptoms as hemorrhoids
13 does not rise to deliberate indifference.  Plaintiff fails to allege sufficient facts to support a claim that
14 Defendant Nixon acted with deliberate indifference to his medical needs.  Rather, Plaintiff's explains
15 that after describing his symptoms to Nixon, Nixon explained it was probably hemorrhoids and issued
16 a lay-in for Plaintiff to be restricted to his dorm/bed and mess hall from January 30, 2015 to January
17 31, 2015.  Plaintiff's allegations do not suggest that Defendant Nixon's actions rose to the level of
18 deliberate indifference, which is more than an ordinary lack of due care or even gross negligence.
19 Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Plaintiff will be permitted leave to
20 amend the claim.

21     **B.**    **State Law Negligence**

22       Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original
23 jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action
24 within such original jurisdiction that they form part of the same case or controversy under Article III,"
25 except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention
26 of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  Acri v. Varian
27 Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

28

4

1   Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for
2   damages against a public employee unless he has presented a written claim to the state Victim
3   Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't
4   Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470,
5   1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one
6   year after the cause of action accrues. Cal. Gov't Code § 911.4.

7   "The elements of a medical malpractice claim are (1) the duty of the professional to use such
8   skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2)
9   a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting
10  injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro
11  Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct.
12  App. 2008) (internal quotations and citation omitted).

13  The Court need not address the viability of Plaintiff's state law claim because it will not
14  exercise supplemental jurisdiction over any state law claim unless and until Plaintiff states a
15  cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254
16  F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041,
17  1046 (9th Cir. 1994). "When … the court dismisses the federal claim leaving only state claims for
18  resolution, the court should decline jurisdiction over the state claims and dismiss them without
19  prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989). The
20  Court will allow leave to amend.

21  **IV.**
22  **CONCLUSION AND ORDER**

23  For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be
24  granted. Plaintiff is granted one final opportunity to file an amended complaint within thirty (30)
25  days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of
26  this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605,
27  607 (7th Cir. 2007) (no "buckshot" complaints).
28  ///

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed August 27, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 24, 2015**

UNITED STATES MAGISTRATE JUDGE