UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALAN MANN, II,<br><br>    Plaintiff,<br><br>    v.<br><br>R.N. P. NIXON,<br><br>    Defendant. | Case No. 1:15-cv-01313-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO CLOSE ACTION<br><br>[ECF No. 9] |

    Plaintiff Robert Alan Mann, II is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 8, 2015. Local Rule 302.

**I.**

**PROCEDURAL BACKGROUND**

    Plaintiff filed the instant action on August 27, 2015. On November 25, 2015, the Court screened and dismissed Plaintiff's complaint, with leave to amend, for failure to state a cognizable claim for relief. (ECF No. 6.)

    Now pending before the Court is Plaintiff's first amended complaint, filed January 5, 2016. (ECF No. 9.)

///

///

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi. Plaintiff names Registered Nurse ("RN") P. Nixon as the sole Defendant in this action.

Plaintiff contends that on January 30, 2015, Defendant Nixon breached his duty in the Facility D medical clinic, at approximately 11:45 a.m., when he intentionally, knowingly, willfully, maliciously and callously subjected Plaintiff to extreme pain, suffering and mental anguish by failing to take basic vitals, ignoring Plaintiff's symptoms of nausea, dizziness, shortness of breath, extreme pain in abdomen and dismissed Plaintiff back to the dorm with a lay-in without providing any medical care.

On January 31, 2015, at approximately 7:45 a.m., Plaintiff returned to Facility D medical clinic seeking immediate medical attention for extreme pain in his abdomen, nausea, projectile vomiting, dizziness, shortness of breath, and black tarry stool sample from last bowel movement. Defendant Nixon minimized Plaintiff's condition stating: "It's probably hemorrhoids," without any examination, vitals, or testing of black tarry stool sample for blood. Defendant Nixon asked Plaintiff one question: "Have you ever had a history of ulcers?" and Plaintiff responded no.

On January 31, 2015, Plaintiff returned to the medical clinic at approximately 6:15 p.m. and told correctional officer Rodriguez, "I'm not gonna make it," and almost passed out.

RN E. Bwayiga immediately rendered aid by taking Plaintiff's vitals and then called the duty doctor and admitted Plaintiff by ambulance to Mercy Hospital for emergency endoscopy from major upper G.I. bleeding.

## IV.

## DISCUSSION

### A.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing

1  Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond
2  to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680
3  F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective
4  recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and
5  quotation marks omitted); Wilhelm, 680 F.3d at 1122.

6       "A difference of opinion between a physician and the prisoner - or between medical
7  professionals - concerning what medical care is appropriate does not amount to deliberate
8  indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d
9  240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-
10 83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v.
11 McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment
12 the doctors chose was medically unacceptable under the circumstances and that the defendants chose
13 this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing
14 Jackson, 90 F.3d at 332) (internal quotation marks omitted).

15      Delays in providing medical care may manifest deliberate indifference.  Estelle v. Gamble, 429
16 U.S. 97, 104-105 (1976).  To establish a claim of deliberate indifference arising from delay in
17 providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d
18 732, 745-746 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994).  In this regard,
19 "[a] prisoner need not show his harm was substantial; however, such would provide additional support
20 for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439
21 F.3d at 1096.

22      The fact that RN Nixon may have misdiagnosed Plaintiff's pain and symptoms as hemorrhoids
23 does not rise to deliberate indifference.  Plaintiff fails to allege sufficient facts to support a claim that
24 Defendant Nixon acted with deliberate indifference to his medical needs.  Rather, Plaintiff's explains
25 that after describing his symptoms to Nixon, Nixon explained it was probably hemorrhoids and issued
26 a lay-in for Plaintiff to be restricted to his dorm/bed and mess hall from January 30, 2015 to January
27 31, 2015.  Plaintiff's allegations do not suggest that Defendant Nixon's actions rose to the level of
28 deliberate indifference, which is more than an ordinary lack of due care or even gross negligence.

Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Plaintiff's allegations, at most, amount of mere negligence on the part of RN Nixon.  Because Plaintiff was previously advised of the applicable legal standard and granted leave to amend, further amendment is not warranted.[1]  Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court Plaintiff's first amended complaint is largely identical to the original complaint.  Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference to a serious medical need by Defendant P. Nixon, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

## IV.
## CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to sate any claims upon which relief may be granted under section 1983.  Plaintiff was previously notified of the deficiencies in his claims and given leave to amend.  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

//
//
//
//
//
//

---

[1] Although Plaintiff's first amended complaint raises state law claims, such claims are not before the Court because Plaintiff has failed to set forth a cognizable constitutional violation for which pendant jurisdiction may be exercised over such state law claims.  The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it."  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Accordingly, it is HEREBY ORDERED that the instant action is dismissed, with prejudice, for failure to state a cognizable claim for relief, and this dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **January 11, 2016**

UNITED STATES MAGISTRATE JUDGE